**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Andrew M. STERN, Respondent.**

**No. 96–SC–1096–KB.**

Supreme Court of Kentucky.

Jan. 30, 1997.

Bruce K. Davis, Executive Director, Dale Wright, Bar Counsel, Kentucky Bar Association, Frankfort, for Movant.

Andrew M. Stern, Newport, for Respondent.

*OPINION AND ORDER ADOPTING THE RECOMMENDATION OF THE BOARD OF GOVERNORS FOR A TWO YEAR SUSPENSION*

Respondent, Andrew M. Stern, was charged with violations of SCR 3.130–1.3, for failure to act reasonably diligently and promptly in representing his client; of SCR 3.130–1.4(a), for failure to keep his client reasonably informed and for failure to adequately communicate with his client; and of SCR 3.130–1.1, for failure to provide competent legal representation to his client.

Three complaints were filed with the KBA against Respondent. Each complaint will be addressed in turn.

With respect to the complaint of Ralph Bartholomew, the Board of Governors of the Kentucky Bar Association found that on or about July 1995, Ralph Bartholomew retained Respondent to file a bankruptcy petition and paid Respondent the sum of $600.00. Respondent failed to take any action on behalf of his client, Mr. Bartholomew. Respondent also failed to accept or return Mr. Bartholomew's phone calls. Ralph Bartholomew filed a complaint with the Kentucky Bar Association on January 19, 1996, and the complaint was served on Respondent on June 17, 1996. Respondent failed to respond and accordingly the Inquiry Tribunal issued a charge on July 28, 1996, which was served on Respondent on August 20, 1996. Respondent failed to respond in any manner to the charge.

With respect to the complaint of Frida Brashear, the Board found that on or about February 7, 1994, Frida Brashear paid Respondent $450.00 to represent herself, her husband and her son in the defense of a civil action. Respondent failed to perform any work on behalf of his clients, the Brashears. Respondent also avoided the Brashears phone calls and cancelled office appointments with the family without any prior notification.

Finally, Respondent disconnected his telephone and closed his office. The Breshears then retained new counsel.

With respect to complaint of Patricia Alicea, the Board found that on or about April 23, 1994, Patricia Alicea retained Respondent regarding grandparent visitation rights and paid Respondent $300.00 plus a $93.00 filing fee. Respondent took no action with respect to the visitation rights of Ms. Alicea. Respondent also avoided her telephone calls and cancelled office visits. Respondent finally closed his office and disconnected his telephone.

In addition to the two counts which emerged as a result of these complaints, the Inquiry Tribunal issued a third count which alleged that Respondent knowingly failed to respond to a lawful demand for information from a disciplinary authority. With respect to this third count, the Board found that on June 7, 1996, the Kentucky Bar Association mailed to Respondent, via certified mail, return receipt requested, a copy of the complaints described above. Included in this mailing was a letter from the Kentucky Bar Association requesting, in part, that Respondent respond or state his intention not to respond. Respondent received this letter on June 10, 1996, and failed to respond, and failed to state his intention not to respond. The Board further found that on June 28, 1996, the Kentucky Bar Association wrote Respondent another letter reminding him of his failure to comply with their previous request. The Bar Association informed Respondent that he had one week in which to comply. As of the date of the Board of Governors meeting, Respondent had offered no reply nor any statement of intention not to reply. Respondent has not defended or participated whatsoever in this proceeding.

Pursuant to SCR 3.370(9), this Court adopts the decision and recommendation of the Board of Governors as to all matters pertaining to Respondent, Andrew M. Stern.

THEREFORE IT IS HEREBY ORDERED as follows:

That the Respondent, Andrew M. Stern, and he is hereby suspended from the practice of law in the Commonwealth of Kentucky for

a period of two (2) years, and to continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

Respondent is directed to pay the costs of this action in the amount of $171.02.

Pursuant to SCR 3.390, the Respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of his inability to represent them and furnish copies of said letters to the director of the Kentucky Bar Association.

All concur.

ENTERED: January 30, 1997.

/s/ Robert F. Stephens
Chief Justice